UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-111 |
| | ) | |
| KEVIN GERDING | ) | |

# **MEMORANDUM AND ORDER**

In 2015, the defendant pled guilty to two counts of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Based on three prior Tennessee convictions for "violent felonies" (two for burglary and one for aggravated burglary), the defendant was deemed an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). This court imposed the mandatory 180-month sentence required by that statute, and the defendant timely appealed.

During the pendency of the appeal, the Sixth Circuit decided *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), ruling that a conviction under Tennessee's aggravated burglary statute no longer qualifies as a violent felony under the ACCA. In light of *Stitt*, the parties submitted a joint motion to remand which the Sixth Circuit granted. The parties agreed that, post-*Stitt*, the defendant does not have three ACCA predicate violent felony convictions and as such is now subject to no more than § 922(g)(1)'s 120-month maximum sentence.

This court will conduct a resentencing hearing on January 31, 2018. The United States Probation Office has prepared a Revised Presentence Investigation Report ("PSR"). [Doc. 39]. In relevant part, the PSR uses the current 2016 version of the United States Sentencing Commission Guidelines Manual ("U.S.S.G."), setting a base offense level of 24 pursuant to guideline 2K2.1(a)(2). That guideline applies if a defendant is convicted of possessing a firearm or ammunition "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The instant PSR finds three such predicate convictions – two for promotion of methamphetamine manufacture and one for sale of a Schedule III controlled substance.

Each party objects to the PSR. [Docs. 43, 47]. As directed by the court, the parties have submitted supplemental briefing on those objections. For the reasons that follow, the defendant's objection will be sustained and the United States' objection will be sustained in part and overruled in part.

I.

*Defense Objection*

The defendant objects that his prior Tennessee convictions for promotion of methamphetamine manufacture do not meet the guideline definition of a "controlled substance offense." *See* U.S.S.G. § 4B1.2. Thus, the defendant argues that his base offense level should be 20 rather than 24, because he only has one prior felony conviction of either a crime of violence or a controlled substance offense. *See*

U.S.S.G. § 2K2.1(a)(4)(A).

Having reviewed the available state court records pertaining to the defendant's methamphetamine promotion convictions, the United States concedes that those crimes cannot be deemed prior "controlled substance offenses." [Doc. 51, p.1 n.2]. The court has reviewed the records provided by the probation office, and the court finds itself in agreement with the parties. The defendant's objection will accordingly be sustained.

II.

*United States' Objection*

The United States objects that, even if the methamphetamine promotion convictions are not counted, the defendant still has two prior "felony convictions of either a crime of violence or a controlled substance offense" to support a base offense level of 24. It is the United States' position that the present PSR should employ the *2015* version of the guidelines, rather than the 2016 edition, because the 2015 version was in effect on the defendant's original sentencing date. The United States further contends that the court may only employ the 2015 version, without consideration of the subsequently-enacted guideline Amendment 798.

A. <u>Which Guidelines Manual Applies?</u>

Under the 2015 guidelines, the defendant's aggravated burglary conviction would count as a crime of violence pursuant to guideline 4B1.2(a)(2)'s residual clause. *See, e.g., Hartness v. United States*, Nos. 3:11-CR-102-PLR-CCS-1, 3:14-CV-282-PLR, 2017 WL 1483441 (E.D. Tenn. Apr. 25, 2017); *see also* U.S.S.G. § 2K2.1 cmt.

3

n.1 ("'Crime of violence' [under guideline 2K2.1] has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."). Guideline 4B1.2 defines the term "crime of violence." That guideline's residual clause (encompassing crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another") was deleted from the *2016* edition by Amendment 798.

At initial sentencing hearings, district courts "shall" consider a number of factors including "the sentencing range . . . as set forth in the guidelines issued by the Sentencing Commission . . . , subject to any amendments made to such guidelines . . . that, except as provided in [18 U.S.C.] section 3742(g), are *in effect on the date the defendant is sentenced*[.]" 18 U.S.C. § 3553(a)(4)(A) (emphasis added). Similarly, at resentencings following remand, "the court shall apply the guidelines . . . *that were in effect on the date of the previous sentencing* of the defendant prior to the appeal, together with any amendments thereto . . . *that was [sic] in effect on such date*[.]" 18 U.S.C. § 3742(g)(1) (emphasis added).

Sections 3553 and 3742 plainly dictate that the 2015 Guidelines Manual must be applied in this case, and the court will do so. Because Amendment 798 did not take effect until August 1, 2016 (well after the defendant's February 2016 sentencing), it would also initially appear that the 2015 guidelines' residual clause must also continue to be applied in this case.

However, guideline 1B1.11 provides in material part,

> The Guidelines Manual in effect on a particular date shall be applied in its entirety. The court shall not apply, for example, one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual. *However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes*.

U.S.S.G. § 1B1.11(b)(2) (2015 and 2016) (emphasis added). Thus, the court "shall" apply the 2015 guidelines (which include § 4B1.2(a)(2)'s residual clause) but the court "shall" also consider Amendment 798 (which deleted that very same residual clause), if the amendment is "clarifying" rather than "substantive."

The United States challenges this result by arguing that sections 3553 and 3742 represent "Congress's explicit statutory mandate," whereas the guidelines offer only "recommendations by the Sentencing Commission." In support, the United States cites *United States v. Fox*, No. 16-6238, 2017 WL 4712497 (6th Cir. Oct. 20, 2017), and *United States v. Taylor*, 648 F.3d 417 (6th Cir. 2011). According to the United States, *Fox* and *Taylor*, paired with § 3742(g), "make clear" that this court cannot consider Amendment 798 in its upcoming resentencing.

Neither *Fox* nor *Taylor* is completely on point. In *Fox*, Amendment 798 was in effect on the resentencing date but not when the defendant was first sentenced. The *Fox* panel indeed concluded that "the district court neither plainly erred nor abused its discretion by applying on remand the 2014 Guidelines Manual [without consideration of Amendment 798] that was in effect at Fox's original sentencing[.]" *Fox*, 2017 WL

5

4712497, at 3-4. *Fox* did not, however, address guideline 1B1.11(b)(2).

*Fox* relies in part on *Taylor* for the proposition that, "on remand for resentencing, the court should apply the version of the guidelines that properly governed the original sentencing." *Id.* at 3 (quoting *Taylor*, 648 F.3d at 424). *Taylor*, however (like *Fox*), does not address guideline 1B1.11(b)(2), but does "make explicit . . . that the district court can consider subsequent amendments to the Guidelines for purposes of fashioning an appropriate sentence under the 3553(a) factors" on remand. *Taylor*, 648 F.3d at 425.

While neither *Fox* nor *Taylor* mention guideline 1B1.11(b)(2), the Sixth Circuit has on other occasions engaged in a "clarifying versus substantive" § 1B1.11(b)(2) analysis to determine whether a subsequent guideline amendment should be considered. These analyses have not been restricted only to cases with *ex post facto* concerns but have also occurred in postures of direct appeal and appeal following remand. *See, e.g., United States v. Kennedy*, 683 F. App'x 409 (6th Cir. 2017); *United States v. Carter*, 662 F. App'x 342 (6th Cir. 2016); *United States v. Fawaz*, 545 F. App'x 459 (6th Cir. 2013); *United States v. Curb*, 625 F.3d 968 (6th Cir. 2010); *United States v. Smith*, 307 F. App'x 966 (6th Cir. 2009); *United States v. DeCarlo*, 434 F.3d 447 (6th Cir. 2006).

Having considered the above-cited authority as a whole, the court concludes that it must use the 2015 Guidelines Manual at the defendant's resentencing hearing. That Guidelines Manual "shall be applied in its entirety." U.S.S.G. § 1B1.11(b)(2) (2015).

Part of "the entirety" of the 2015 Guidelines Manual is § 1B1.11(b)(2), under which the court must also consider the Sentencing Commission's August 1, 2016 Amendment 798 <u>if</u> that amendment was clarifying rather than substantive. *See id.*

B. <u>Amendment 798: Clarifying or Substantive?</u>

The Sixth Circuit "has consistently recognized that clarifying amendments may be applied retroactively to discern the Sentencing Commission's intent regarding the application of a pre-amendment guideline." *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007) (collecting cases). "Because it is sometimes difficult to distinguish between a clarifying amendment and a substantive amendment," the Sixth Circuit "has identified three factors to be considered when determining whether an amendment clarifies or substantively alters a Guidelines provision[.]" *Id.*

> 1. how the Sentencing Commission characterized the amendment;
>
> 2. whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline; and
>
> 3. whether the amendment resolves an ambiguity in the original wording of the guideline.

*Id.* (citations omitted).

Amendment 798 made several changes to the guidelines. For example, it added additional commentary to § 4B1.1. *See* U.S.S.G. app. C, amend. 798 at 125 (2016). It added and deleted paragraphs to the commentary of § 4B1.2. *Id.* at 126-27. It moved certain enumerated crimes of violence from the commentary of § 4B1.2 into the actual guideline text. *Id.* at 125-26. It removed "burglary of a dwelling" from the list of

7

enumerated crimes of violence. *Id.* at 125. And, as relevant to the present case, Amendment 798 deleted § 4B1.2(a)(2)'s residual clause. *Id.* That clause, as noted above, included in the definition of "crime of violence" those offenses "otherwise involv[ing] conduct that presents a serious risk of physical injury to another."

In *Kennedy*, the Sixth Circuit concluded that Amendment 798 is a clarifying amendment which "may be applied retroactively to discern the Sentencing Commission's intent regarding the application of a pre-amendment guideline." *Kennedy*, 683 F. App'x at 418-19 (quoting *Geerken*, 506 F.3d at 465). However, at issue in *Kennedy* was Amendment 798's restructuring of §4B1.2's enumerated "crimes of violence" rather than the deletion of the residual clause. *Id.* at 417-18. Thus, as argued by the United States in this case, *Kennedy* involved different facts and a different aspect of Amendment 798.

Specifically at issue in *Kennedy* was a prior conviction for unlawful possession of a machine gun. That offense was listed as a crime of violence in the commentary to the 2015 Guideline Manual but was moved to the text of § 4B1.2(a)(2) by Amendment 798. Largely because "the Sentencing Commission states that '[t]his addition is consistent with long-standing commentary in § 4B1.2 . . . and therefore maintains the status quo,'" the *Kennedy* panel concluded that Amendment 798 was clarifying rather than substantive. *Id.* at 418 (emphasis omitted) (quoting U.S.S.G. app. C, amend. 798 at 130). Because *Kennedy's* analysis pertained to a part of Amendment 798 not at issue in this case, this court must agree with the United States that *Kennedy*, while

8

instructive, is not controlling.

The court therefore turns to the three factors set forth in *Geerken* "to be considered when determining whether an amendment clarifies or substantively alters a Guidelines provision." The second of those factors ("whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline") weighs in favor of finding Amendment 798 to be a substantive amendment. Amendment 798 "change[d] the language of the guideline itself" by removing the residual clause. *See, e.g., DeCarlo*, 434 F.3d at 459 (changing of guideline language "favors a construction" of the amendment as substantive); *cf. United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004) (citing *United States v. Hartz*, 296 F.3d 595 (7th Cir. 2002)) (amendment substantive where it changed the language of an *unambiguous* guideline).

Conversely, the court finds that the first and third *Geerken* factors strongly lead to the conclusion that the removal of § 4B1.2's residual clause was clarifying rather than substantive. Those factors are, again, how the Sentencing Commission characterized the amendment and whether the amendment resolved an ambiguity in the guideline's original wording. *Gerkeen*, 506 F.3d at 465.

In explaining the reason for Amendment 798, the Sentencing Commission explained that it was

> aware of numerous court opinions, expressing a view that the definition of "crime of violence" is complex and unclear. The amendment is informed by this . . . case law, as well as the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), regarding the statutory definition of "violent felony'" in [the ACCA]. While not addressing the guidelines, that decision has given rise to significant litigation regarding the guideline definition of "crime of violence."

U.S.S.G. app. C, amend. 798 at 127.

In *Johnson*, the Supreme Court considered the ACCA's residual clause, which was worded identically to the one found in guideline 4B1.2(a)(2), and deemed the ACCA's clause unconstitutionally vague. In so doing, the *Johnson* majority described the ACCA's residual clause in terms such as: "leav[ing] grave uncertainty about how to estimate the risk posed by a crime"; "combining indeterminacy . . . with indeterminacy . . . , produc[ing] more unpredictability and arbitrariness than the Due Process Clause tolerates"; "hopeless indeterminacy"; "nearly impossible to apply consistently"; "so shapeless a provision"; "a vague provision"; and "unavoidable uncertainty and arbitrariness of adjudication" *Johnson*, 135 S. Ct. at 2257-2562. The Supreme Court further observed, "This Court is not the only one that has had trouble making sense of the residual clause." *Id.* at 2559-60.

The Sentencing Commission "determined that the residual clause at 4B1.2 implicates many of the same concerns cited by the Supreme Court in Johnson, and, as a matter of policy, amend[ed] § 4B1.2(a)(2) to strike the clause." U.S.S.G. app. C,

amend. 798 at 128. The Sentencing Commission went on to explain that "[r]emoving the residual clause has the advantage of alleviating the considerable application difficulties associated with that clause, as expressed by judges, probation officers, and litigants. Furthermore, removing the clause will alleviate some of the ongoing litigation and uncertainty resulting from the Johnson decision." *Id.*

As noted by the Sixth Circuit in *Kennedy*, the Sentencing Commission amended its definition of "crime of violence" because that definition was "complex and unclear." *Kennedy*, 683 F. App'x at 418. In other words, guideline 4B1.2(a)(2)'s definition was ambiguous due to its residual clause. The Sentencing Commission characterized Amendment 798 as resolving the ambiguity pointed out by *Johnson*. *Cf. Braxton v. United States*, 500 U.S. 344, 348 (1991) ("[I]n charging the Commission 'periodically [to] review and revise' the Guidelines, Congress necessarily contemplated that the Commission would periodically review the work of the courts, and would make whatever clarifying revisions to the Guidelines conflicting judicial decisions might suggest.").

Having balanced the factors provided by the Sixth Circuit in *Geerken*, this court concludes that those factors weigh in favor of Amendment 798 being a clarifying amendment, as it pertains to the removal of § 4B1.2(a)(2)'s residual clause. In *Geerken*, the Sixth Circuit stated that "[a]n amendment is clarifying if it 'changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant.'" *Geerken*, 506 F.3d at 465

(citation omitted). The language quoted by *Geerken* traces back to *United States v. Smaw*, 22 F.3d 330, 333 (D.C. Cir. 1994). Just as Amendment 798 reformulates the guidelines' definition of "crime of violence," the D.C. Circuit in *Smaw* was presented with an amendment described by the Sentencing Commission as "reformulat[ing] the definition of an abuse of position of trust to better distinguish cases warranting this enhancement." *Smaw*, 22 F.3d at 333 (citation omitted). This court agrees with *Smaw* that such amendments "bespeak[] clarification rather than substantive alteration." *Id.* at 334.

Lastly, this court recognizes that the Eleventh Circuit, in applying that circuit's four-pronged test, has concluded that Amendment 798's removal of the residual clause was a substantive amendment. *United States v. Craig*, 706 F. App'x 545, 550-51 (11th Cir. 2017). This court, considering instead the three factors set forth by the Sixth Circuit in *Geerken*, respectfully reaches the opposite result.

III.

*Conclusion*

As provided herein,

1. The defendant's PSR objection [doc. 47] is **SUSTAINED**.

2. The United States' PSR objection [doc. 43] is **SUSTAINED IN PART**. The 2015 Guidelines Manual will be used at the defendant's resentencing hearing.

3. The United States' PSR objection [doc. 43] is **OVERRULED IN PART**. At resentencing, the court will consider Guideline Amendment 798 which the court finds to be a clarifying amendment.

12

4. Applying Amendment 798, the defendant's prior aggravated burglary conviction is not a "crime of violence." His base offense level becomes 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because he has only one prior felony conviction of either a crime of violence or a controlled substance offense (sale of Schedule III controlled substance). The defendant's total offense level is 21. His criminal history category remains VI, with 21 countable criminal history points. His advisory guideline range at resentencing is 77 to 96 months.

Resentencing remains set for Wednesday, January 31, 2018, at 1:30 p.m. in Knoxville.

       **IT IS SO ORDERED.**

                                        ENTER:

                                        s/ Leon Jordan
                                    United States District Judge