UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:15-CR-111
)
KEVIN GERDING )

## MEMORANDUM AND ORDER

In 2015, the defendant pled guilty to two counts of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Based on three prior Tennessee convictions for "violent felonies" (two for burglary and one for aggravated burglary), the defendant was deemed an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). This Court imposed the mandatory minimum 180-month sentence required by that statute, and the defendant timely appealed.

During the pendency of the appeal, the *en banc* Sixth Circuit decided *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), holding that a conviction under Tennessee's aggravated burglary statute would no longer qualify as a violent felony under the ACCA. In light of *Stitt*, the parties submitted a joint motion to remand which the Sixth Circuit granted. The parties agreed that, post-*Stitt*, the defendant did not have three ACCA predicate violent felony convictions and as such would be subject to no more than § 922(g)(1)'s 120-month maximum sentence. [Doc. 37].

The Court conducted a resentencing hearing on January 31, 2018, and imposed a guideline sentence of 84 months' imprisonment. [Doc. 57]. That judgment was timely appealed by the prosecution. [Doc. 60]. Then, in December 2018, the United States Supreme Court reversed *Stitt*. *United States v. Stitt*, 139 S. Ct. 399 (2018). As a result, in September 2019 the Sixth Circuit "vacate[d] defendant's sentence and remand[ed] this case to the district court for resentencing. [Doc. 66].

This Court will again conduct a resentencing hearing on March 9, 2021. The United States Probation Office has again prepared a Revised Presentence Investigation Report ("PSR") [doc. 69], which again finds the defendant to be an Armed Career Criminal due to his prior Tennessee burglary and aggravated burglary convictions. The defendant has filed two objections to his renewed ACCA status, and the United States has submitted a brief in opposition. [Docs. 71, 74].

The Court finds no need for an evidentiary hearing on the defendant's objections. For the reasons that follow, those objections will be overruled.

I.

*Background and Authority*

The ACCA provides, "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." *See* 18 U.S.C. § 924(e)(1). The PSR in this case cites three prior

convictions, each found at paragraph 32 of that document, as meeting the ACCA definition of a "violent felony."

As noted, one of those convictions is for Tennessee aggravated burglary, and the other two are for Tennessee burglary of a building. According to the PSR, each crime took place on January 29, 1998. Further, according to the PSR, the defendant burgled: (1) "the habitation of Earl Evans"; (2) "a building, other than a habitation, belonging to Calvin Carmack", and; (3) "a building, other than a habitation, belonging to Larry Johnson." For two reasons, the defendant now objects that none of those convictions constitute "violent felonies" for purposes of the ACCA and, in the alternative, that the felonies were not "committed on occasions different from one another."

II.

*Waiver*

As an initial matter, the United States argues that the defendant waived the instant objections by failing to present those issues to the Sixth Circuit in the prior appeals. The Court need not address this argument because, in any event, each objection fails on its merits.

III.

*Objection One*

The defendant first objects that the crimes of aggravated burglary and burglary of a building under Tennessee law are broader than the definition of "generic burglary" described in *Taylor v. United States*, 495 U.S. 575 (1990), and thus may not be applied as

3

ACCA predicates. Specifically, the defendant attacks the scope of the "entry" requirement of Tennessee's burglary statutes.

To its credit, the defense acknowledges that the Sixth Circuit has already "decided this issue in *Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019)[,] and *United States v. Bateman*, 2019 WL 5208128 (6th Cir. October 16, 2019)," and that the objection is made only "with the intent of preserving this issue for appeal should the United States Supreme Court grant certiorari in *Bateman*." [Doc. 71, p. 1-2]. Subsequent to the filing of the defendant's objections, the Supreme Court denied the petition for writ of certiorari in *Bateman*. *See Bateman v. United States*, 140 S. Ct. 2698 (2020). Moreover, also subsequent to the filing of the defendant's objections, the Sixth Circuit squarely addressed and rejected the "entry" issues raised in this case. *See United States v. Brown*, 957 F.3d 679, 683-89 (6th Cir. 2020). For the reasoning provided in *Brown*, the defendant's first objection will be overruled.

IV.

*Objection Two*

The defendant also objects that his three prior Tennessee convictions should count as no more than one ACCA predicate. Noting that each crime took place on January 29, 1998, the defense argues that the United States cannot prove that the three crimes were "committed on occasions different from one another" as required by the ACCA. The Court disagrees.

Crimes are committed on different occasions from one another for purposes of the ACCA if:

> 1. It is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins;
>
> 2. It would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or
>
> 3. The offenses are committed in different residences or business locations.

*United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (citing and quoting *United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. 2006)). The prosecution bears the burden of proving, by a preponderance of the evidence, that the prior crimes were indeed committed on different occasions. *See United States v. Pham*, 872 F.3d 799, 801 (6th Cir. 2017).

According to the PSR, the defendant was sentenced for each of his ACCA predicates on April 6, 1998. "[T]he fact that a defendant was convicted for two [or more] offenses during the same judicial proceeding does not prevent those offenses from constituting 'occasions different' under the ACCA." *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008). Nonetheless, the PSR in this case cannot be dispositive of the "different occasions" inquiry because it is not an approved *Shepard* document. *See, e.g., United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011).

Instead, the Court's analysis is limited to those documents approved by the *Shepard* Court: "the charging document, the terms of a plea agreement or transcript of a plea colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard v.*

5

*United States*, 544 U.S. 13, 26 (2005); *see also United States v. King*, 853 F.3d 267, 270-71, 273 (6th Cir. 2017) (A court's "different occasions" inquiry is restricted to *Shepard*-approved documents.). A judgment of conviction is also a "comparable judicial record" reviewable under *Shepard*. *See United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017). Additionally, the Court may only consider those facts contained in *Shepard* documents that were "necessarily determined beyond a reasonable doubt by the trier of fact or necessarily admitted by the defendant." *King*, 853 F.3d at 273.

In this case, the Court will begin its analysis with the state court charging document. [Doc. 74, ex. 1]. Count I of the Criminal Information filed in the Claiborne County, Tennessee, Criminal Court alleged that the defendant violated the Tennessee aggravated burglary statute (Tenn. Code Ann. § 39-14-403) at "the habitation of Earl Evans[.]" Counts VII and IX alleged that the defendant violated the Tennessee burglary statute (Tenn. Code Ann. § 39-14-402) at buildings, other than habitations, owned by Calvin Carmack (Count VII) and Larry Johnson (Count IX).

Next, the Court looks to the state judgments for Counts I, VII, and IX. [Doc. 74, exs. 2-4]. Each judgment is signed by the presiding judge following the defendant's guilty pleas. This Court is thus satisfied that the facts therein were "necessarily determined beyond a reasonable doubt by the trier of fact." *King*, 853 F.3d at 273. Each judgment shows that the defendant was indeed convicted of the offense charged in each count. Each judgment—for the purpose of restitution—lists the distinct name of the victim of those counts, exactly matching the names in the Criminal Information.

6

Having considered these *Shepard* documents, this Court is satisfied by a preponderance of the evidence that the defendant's Tennessee burglaries and aggravated burglary were "committed on occasions different from one another" as required by the ACCA. The Court so finds under each of the *Paige/Hill* tests.

It is possible to discern the point at which each crime began and ended, and the crimes were committed in different locations. One cannot be present in three places at once. *See United States v. Wooden*, 945 F.3d 498, 505 (6th Cir. 2019); *see also Southers*, 866 F.3d at 369 ("Because the judgments and indictments establish that the robberies occurred at two different locations, the district court did not err in treating them as distinct predicates under the ACCA."). Further, this Court "see[s] no reason why it would have been impossible for [the defendant] to call it a night after the first burglary, without burglarizing [two more structures]." *Wooden*, 945 F.3d at 505.

The PSR therefore correctly concludes that the defendant has three ACCA predicate convictions. He is an Armed Career Criminal. His second objection will be overruled.

## V.

*Conclusion*

As provided herein, the defendant's objections [doc. 71] to his PSR are **OVERRULED**. Sentencing remains set for Tuesday, March 9, 2021, at 10:45 a.m. in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge