UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:15-CR-111 |
| | ) |
| KEVIN GERDING | ) |

### **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's counseled motion to withdraw his guilty plea. [Doc. 77]. The United States has responded in opposition [doc. 79] and the defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons that follow, the motion will be denied.

I.

*Background*

In 2015, the defendant pled guilty to two counts of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Based on three prior Tennessee convictions for "violent felonies" (two for burglary and one for aggravated burglary), the defendant was deemed an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). This Court imposed the mandatory minimum 180-month sentence required by that statute, and the defendant timely appealed.

During the pendency of the appeal, the *en banc* Sixth Circuit decided *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), holding that a conviction under Tennessee's aggravated burglary statute would no longer qualify as a violent felony under the ACCA. In light of *Stitt*, the parties submitted a joint motion to remand which the Sixth Circuit granted. The parties agreed that, post-*Stitt*, the defendant did not have three ACCA predicate violent felony convictions and as such would be subject to no more than § 922(g)(1)'s 120-month maximum sentence. [Doc. 37].

The Court conducted a resentencing hearing on January 31, 2018, and imposed a guideline sentence of 84 months' imprisonment. [Doc. 57]. That judgment was timely appealed by the prosecution. [Doc. 60]. Then, in December 2018, the United States Supreme Court reversed *Stitt*. *United States v. Stitt*, 139 S. Ct. 399 (2018). As a result, in September 2019 the Sixth Circuit "vacate[d] defendant's sentence and remand[ed] this case to the district court for resentencing." [Doc. 66].

II.

*Analysis*

As pointed out by the United States, the Sixth Circuit remand in this case is a limited one. In a one-page, three-sentence, order, the appellate court remanded this matter "for resentencing" in light of *Stitt* and *United States v. Quarles*, 139 S. Ct. 1872 (2019), "as well as intervening cases from our court." [Doc. 66]. This Court therefore lacks authority to entertain a motion for plea withdrawal.

"[A] limited remand 'explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate.'"

2

*United States v. Richardson*, 948 F.3d 733, 738 (6th Cir. 2020) (quoting *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)).  "[T]he district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *Campbell*, 168 F.3d at 265.  Moreover, even a general remand would preclude new challenges to the validity of the defendant's conviction.  *See United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (Remand for resentencing precluded challenges to the sufficiency of the indictment or the constitutionality of a search.); *see also United States v. Hearne*, 290 F. App'x 559, 562 (4th Cir. 2008) (Defendant's attempt to challenge his guilty plea was beyond the scope of the remand); *United States v. Cauley*, 199 F. App'x 893, 894 (11th Cir. 2006) (same).

### III.

*Analysis*

As provided herein, the defendant's motion to withdraw his guilty plea [doc. 77] is **DENIED**.  Resentencing remains set for Tuesday, March 9, 2021, at 10:45 a.m. in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge